## SCHOOL BOARD OF LAKE COUNTY v. STATE OF FLORIDA, et al.
No. 72-414.

Circuit Court, Lake County.

June 6, 1972.

Roy Christopher, Mount Dora, for the plaintiff.

Gordon G. Oldham, Jr., State Attorney, for the defendants.

W. TROY HALL, Jr., Circuit Judge.

The above and foregoing cause having come on for final hearing pursuant to the order to show cause heretofore issued by this court and the notice addressed to the state of Florida and the several property owners, taxpayers and citizens of Lake County, Florida, including non-residents owning property or subject to taxation therein and all others having or claiming any right, title or interest in property to be affected by the issuance by the plaintiff of certificates of indebtedness, series 1972, hereinafter more particularly described, or to be affected in any way thereby, and as heretofore issued against and duly served upon the state of Florida, on complaint of the plaintiff, Gordon G. Oldham, Jr., state attorney, having filed an answer herein, this cause having duly come on for final hearing, and the court having considered the same, heard the evidence and being fully advised in the premises, finds as follows —

1. Authority is conferred upon plaintiff by the constitution and laws of the state of Florida, especially chapter 71-720, Laws of Florida, Special Acts of 1971, to issue certificates of indebtedness to finance the cost of certain capital school projects in the school district of Lake County (herein referred to as the "project"), more particularly described in the resolution hereinbelow mentioned, and to pledge the portion of the race track funds and jai alai fronton funds allocated to the school board pursuant to law, accruing annually to Lake County, under the provisions of chapters 550 and 551, Florida Statutes, in each year to the payment of such certificates and the interest thereon.

2. The acquisition and construction of the project is necessary and proper and in the best interests of the district and its citizens.

3. Pursuant to and in accordance with the provisions of the constitution and laws of the state of Florida and particularly chapter 71-720, Laws of Florida, Special Acts of 1971, the school board of Lake County (hereinafter called the "board"), by resolution adopted on April 11, 1972 (hereinafter referred to as the "resolu-

tion"), authorized and provided for the issuance of interest bearing certificates of indebtedness, series 1972, in the aggregate amount of $1,400,000 numbered consecutively from one upward, in the principal amount of $5,000 each, maturing as hereinafter set forth and bearing interest at such rate or rates not exceeding the maximum legal rate allowable by law, such rate or rates of interest to be determined upon the sale thereof, for the purpose of paying the cost of such project, all of which appears and is more fully set forth in a certified copy of the resolution heretofore filed herein.

4. The portion of the race track funds and jai alai fronton funds pledged to the payment of the principal and interest on said certificates will be sufficient to pay the principal of and interest on the certificates.

5. The certificates are payable as to both principal and interest solely from and are secured by a prior lien upon and pledge of that portion of the race track funds and jai alai fronton funds allocated to the board pursuant to law, accruing annually to Lake County, under the provisions of chapters 550 and 551, Florida Statutes. The certificates will not constitute an indebtedness of the board or of the district and no holder or holders of any of the certificates or of any coupons appertaining thereto shall ever have the right to compel the levy of ad valorem taxes to pay the certificates or the interest thereon. The certificates shall constitute a lien only upon that portion of the race track funds and jai alai fronton funds accruing annually to Lake County under the provisions of chapters 550 and 551, as allocated to the board pursuant to law.

6. Plaintiff has power and is authorized to pledge the portion of the race track funds and jai alai fronton funds allocated annually to the board, in the manner provided in the resolution.

7. Plaintiff has full power and authority under chapter 71-720, to provide for the issuance of the certificates herein validated and the issuance of such certificates by the board in the manner hereinabove described will not violate any provisions of the constitution of the state of Florida; and such issuance by said board will be legal and valid in all respects.

8. The certificates are not "bonds" within the meaning of the constitution of Florida and are not required by the constitution and statutes to be approved at an election.

9. The certificates are of the character and the proceedings preliminary to the issuance thereof are of the nature as entitled the plaintiff to proceed under the provisions of chapter 75, Florida Statutes, for the purpose of having the right of the board to issue the certificates determined.

10. Due and proper notice addressed to the state of Florida, and the several property owners, taxpayers and citizens of Lake County, including non-residents owning property or subject to taxation therein and all others having or claiming any right, title or interest in property to be affected by the issuance by the plaintiff of the certificates of indebtedness, series 1972 hereinbefore described, or to be affected in any way thereby, was duly published by the clerk of this court in a newspaper published in Lake County, once each week for at least three consecutive weeks, the first publication being at least twenty days prior to the date of said hearing as required by law; all as will more fully appear from the affidavit of the publisher of the *Mount Dora Topic,* heretofore filed herein.

11. The court has carefully considered each and every objection contained in the answer of the state attorney for and on behalf of the state of Florida. Such objections are hereby overruled, and said answer shows no cause why the prayer of the plaintiff should not be granted and discloses no irregularity or illegality in the proceedings set forth in said complaint.

12. This court has found that all requirements of the constitution and laws of the state of Florida, pertaining to the enabling Act, and proceedings in the above entitled matter have been strictly followed.

13. Chapter 71-720, Laws of Florida, Acts of 1971, is legal and valid in all respects and does not violate any provisions of the constitution of the state of Florida.

Now, therefore, it is ordered and adjudged that the issuance of $1,400,000 certificates of indebtedness, series 1972 of the school board of Lake County, Florida, dated January 1, 1972, in the denomination of $5,000 each, numbered consecutively from one upward, maturing serially on January 1 at such time or times, not exceeding thirty-five years from the date thereof, bearing interest at such rate or rates not exceeding the maximum rate allowable by law, principal and semi-annual interest (January 1 and July 1) callable as provided in said resolution, is for a proper, legal and corporate purpose, and is fully authorized by law, and that said certificates and each of them to be issued as aforesaid, and all proceedings incident thereto, are hereby validated and confirmed. Such certificates are to be issued to finance the cost of certain capital school projects in the school district of Lake County, Florida, and as and when so issued will be payable as to both principal and interest solely from and secured by a lien upon and pledge of the portion of the race track funds and jai alai fronton funds allocated to the board pursuant to the provisions of law, accruing annually to Lake County, under the provisions of chapters 550 and

551, Florida Statutes, more particularly described in that certain resolution adopted by the school board of Lake County, Florida, on April 11, 1972, authorizing the issuance of such certificates of indebtedness, series 1972.

There shall be stamped or written on the back of each such certificates a statement in substantially the following form —

> This certificate is one of a series of certificates which were validated and confirmed by judgment of the Circuit Court for Lake County, Florida, rendered on the 6th day of June, 1972.
>
> *Richard H. Langley*
> Chairman, The School Board of
> Lake County, Florida

provided, however, that should an appeal be taken from this judgment within the period of thirty days, then and in that event said certificates of indebtedness, series 1972 shall not be delivered to the purchaser or purchasers unless and until a mandate of the Supreme Court of Florida affirming this judgment shall have been recorded in the office of the clerk of this court.